**Dismissed and Opinion Filed June 15, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00015-CV

### JAMES DAVID HORTON AND ROBBIE LESA HORTON, Appellants
### V.
### SUSAN MCMILLION MARTIN, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-11551**

## MEMORANDUM OPINION

Before Justices Bridges, Lang and Schenck
Opinion by Justice Lang

James David Horton and Robbie Lesa Horton appeal the trial court's order granting

Susan McMillion Martin's[1] motion to dismiss the claims against her pursuant to Chapter 27 of

the Texas Civil Practice and Remedies Code, which is known as the Texas Citizens Participation

Act (TCPA).[2] The Hortons argue this Court has jurisdiction over this interlocutory appeal.[3] We

conclude that we do not have jurisdiction and dismiss this interlocutory appeal. The law is well-

settled in this matter, therefore we issue this memorandum opinion. *See* TEX. R. CIV. P. 47.1.

---

[1] The style of the majority of the pleadings in the trial court, including Martin's motion to dismiss pursuant to chapter 27 of the TCP and the trial court's order granting Martin's motion to dismiss, list her name as "Susan Mason Martin." However, in her pleadings, Martin repeatedly stated that her name is "Susan McMillion Martin" and she was incorrectly named as "Susan Mason Martin." The style of the pleadings filed on appeal, list her name as "Susan McMillion Martin."

[2] This is an interlocutory appeal under section 51.014 of the civil practice and remedies code. *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)(West 2015)).

[3] This appeal involves the same facts and legal arguments as: (1) *Horton v. Stovall*, No. 05-15-00016-CV; and (2) *Horton v. Daves*, No. 05-15-00017-CV.

# I. PROCEDURAL BACKGROUND

On September 30, 2014, the Hortons sued Martin (James Horton's guardian ad litem in his divorce proceeding with his ex-wife Kim LeGrand), Kimberly Stovall (James Horton's personal injury attorney), Brooke Daves (the amicus attorney for James Horton's adopted daughter in the divorce proceeding), and Shannon Pritchard (James Horton's divorce attorney), asserting various claims arising from his divorce proceeding. Martin, Stovall, and Daves filed separate motions to dismiss the claims against them pursuant to the TCPA. *See* TEX.CIV. PRAC. & REM. CODE ANN. §27.003 (West 2015). In three separate orders, the trial court granted their motions and awarded Martin, Stovall, and Daves attorneys' fees in an amount to be determined at a later date.

# II. JURISDICTION OVER INTERLOCUTORY APPEAL

The Hortons argue this Court has jurisdiction over this interlocutory appeal because their causes of action accrued prior to the effective date of section 51.014(a)(12) of the Texas Civil Practices and Remedies Code. They contend that prior to the enactment of section 51.014(a)(12), the majority of courts followed a liberal construction of section 27.008 of the TCPA and allowed interlocutory appeals from any written order ruling on a motion to dismiss filed pursuant to the TCPA. Martin, Stovall, and Daves respond that the appeal should be dismissed because there is no final judgment in this case, section 51.014(a)(12) only authorizes an interlocutory appeal of an order denying a motion to dismiss under section 27.003 of the TCPA, and the Hortons filed their lawsuit after the enactment of section 51.014(a)(12).

## A. Applicable Law

Generally, appellate courts have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *Id.* Appellate courts have jurisdiction over

interlocutory orders only when that authority is explicitly granted by statute. *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex. 2007); *Better Bus.Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.,* 402 S.W.3d 299, 306 (Tex. App.—Dallas 2013, pet. denied). Statutes authorizing interlocutory appeals are strictly construed because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez,* 340 S.W.3d 444, 447 (Tex. 2011).

Section 51.014(a)(12) allows for an interlocutory appeal from an order that "denies a motion to dismiss filed under Section 27.003." *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)(West 2015)); *Shankles v. Gordon*, No. 05-14-01444-CV, 2015 WL 3454429, *1 (Tex. App.—Dallas Jun. 1, 2015, no pet. h.). Subsection (12) was added to section 51.014 in the 2013 legislative session. *Pickens v. Cordia*, 433 S.W.3d 179, 183 (Tex. App.—Dallas 2014, no pet.)(citing Act of May 24, 2013, 83rd Leg., R.S., H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12))). The amendment is not expressly retroactive, nor does it contain a savings clause for pending suits. *Pickens*, 433 S.W.3d at 183. The amendment, however, does not take away or impair the parties' vested rights but simply addresses the court's jurisdiction. *Pickens*, 433 S.W.3d at 183; *see also Kinney v. BCG Attorney Search, Inc.*, No. 03–12–00579–CV, 2014 WL 1432012, at *3 (Tex. App.—Austin Apr. 11, 2014, pet. denied)(mem. op.). The 2013 amendment, specifically allowing an interlocutory appeal from an order denying a Chapter 27 motion to dismiss, retroactively applies to pending cases. *Pickens*, 433 S.W.3d at 183; *accord Serafane v. Blunt*, No. 03-12-00726-CV, 2015 WL 2061922, at *3 (Tex. App.—Austin May 1, 2015, no pet. h.); *Kinney*, 2014 WL 1432012, at *3.

### B. *Application of the Law to the Facts*

The trial court's interlocutory orders dismissing the claims against Martin, Stovall, and Daves did not dispose of all pending parties and claims. Therefore, no final judgment has been rendered in this case. *See Lehmann,* 39 S.W.3d at 195 (final judgment disposes of all parties and claims); *Shankles*, 2015 WL 3454429, at *1. This court only has jurisdiction over this interlocutory appeal if authorized to do so by statute.

The Hortons assert that because their cause of action *accrued* before May 16, 2013, this Court's conclusion in *Pickens* that the 2013 amendment retroactively applies to cases *pending* when the amendment was enacted is not applicable. Specifically, the Hortons rely on section 5 of Acts 2013, 83rd Leg., ch. 44 (H.B. 200), which addressed the addition of subsection (12) to section 51.014(a), stating:

> The change in law made by this Act applies only to a cause of action that accrues on or after the effective date [May 16, 2013] of this Act. A cause of action that accrues before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose.

Act of May 16, 2013, 83rd Leg., R.S., ch. 44, H.B. 200, § 5 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)(West 2015)).

The language the Hortons rely on to support their argument that this Court has jurisdiction because their cause of action accrued before May 16, 2013, applies to the Act of May 16, 2013, 83rd Leg., R.S., ch. 44, H.B. 200, § 1 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)), not the Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)), which applies to the jurisdictional analysis in this case.[4]

---

[4] We note that section 51.014(a) currently contains two subsections numbered (12). The first one allows for an interlocutory appeal from an order that "denies a motion for summary judgment filed by an electric utility regarding liability in a suit subject to Section 75.0022." Act of May 16, 2013, 83rd Leg., R.S., ch. 44, H.B. 200, § 1 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)(West 2015)). The second subsection (12) allows for an interlocutory appeal from order that "denies a motion to dismiss filed under Section 27.003." Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)). Pursuant to section

The Hortons filed this lawsuit on September 30, 2014.  The Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)) became effective on May 24, 2013 and this Court subsequently concluded that it applies retroactively.  *See Kinney*, 2014 WL 1432012, at *3 (because amendment received vote of two-thirds of all members elected to each house, amendment became effective immediately)(citing Act of May 24, 2013, 83rd Leg., R.S., H.B. 2935, § 6); *Pickens*, 433 S.W.3d at 183 (2013 amendment, specifically allowing interlocutory appeal from order denying Chapter 27 motion to dismiss, retroactively applies to pending cases).  At all times relevant to this case, the Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, H.B. 2935, § 4 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)) only allowed an interlocutory appeal from an order denying a motion to dismiss filed pursuant to Section 27.003.  *See Pickens*, 433 S.W.3d at 183; *acccord Serafane*, 2015 WL 2061922, at *3; *Kinney*, 2014 WL 1432012, at *3.  Here, the trial court granted Martin's, Stovall's, and Daves's motions to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code.  Accordingly, we conclude that we do not have jurisdiction over this interlocutory appeal.  *See Shankles*, 2015 WL 3454429, at *1.

### III. CONCLUSION

This Court does not have jurisdiction over this interlocutory appeal

The appeal is dismissed for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

150015F.P05

---

311.025(b) of the Texas Government Code, "if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." TEX. GOV'T CODE ANN. § 311.015(b) (West 2013).  Further, the legislature recently passed an amendment to section 51.014(a) that corrects the duplicate numbering of this subsection.  That amendment is currently awaiting signature by the governor.  The amendment to section 51.014(a) labels as subsection (13) the Act of May 16, 2013, 83rd Leg., R.S., ch. 44, H.B. 200, § 1 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12)), which addresses interlocutory appeals denying a motion for summary judgment filed by an electric utility regarding liability in a suit subject to Section 75.0022.  Act of May 29, 2015, 84th Leg., R.S., H.B. 1296, § 3.001.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES DAVID HORTON AND ROBBIE LESA HORTON, Appellants

No. 05-15-00015-CV  V.

SUSAN MCMILLION MARTIN, Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-11551.
Opinion delivered by Justice Lang. Justices Bridges and Schenck participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee SUSAN MCMILLION MARTIN recover her costs of this appeal from appellants JAMES DAVID HORTON and ROBBIE LESA HORTON.

Judgment entered this 15th day of June, 2015.